UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRYSTAL HOLDT,**

   **Plaintiff,**

                                   **CASE NO.:**

       **v.**

**AARON'S INC. d/b/a AARON'S SALES & LEASE OWNERSHIP, INC., a Foreign Profit Corporation**

   **Defendant**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CRYSTAL HOLDT (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant AARON'S INC. d/b/a AARON'S SALES & LEASE OWNERSHIP, INC., (hereinafter referred as "AARON'S" or "Defendant"), and alleges the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff Crystal Holdt against her former employer, Aaron's Inc. d/b/a Aaron's Sales & Lease Ownership, Inc. for violations of the family Medical Leave Act of 1993 ("FMLA") 29 § 2601 *et seq.* to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

2. Plaintiff seeks all remedies available in law and equity including but not limited to: judgement in her favor and against Defendant; payment of lost wages, salary, employment benefits and other compensation denied (including front and back pay); actual monetary losses sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages;

compensatory damages; punitive damages; injunctive relief; and reasonable attorney's fees, expert witness fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

## JURISDICTION

3. The acts and omissions giving rise to this action occurred in Brevard County, Florida, among others.

4. Defendant conducts business in Brevard County, Florida.

5. Plaintiff was employed with Defendant in Brevard County, Florida.

6. This action at law raises a federal question under federal law, specifically the FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PURPOSES OF THE FMLA

8. The Family Medical Leave Act ("FMLA or "the Act") was enacted in 1993. The intent of Congress in passing the Act was "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 C.F.R. § 825.101(a).

9. "The FMLA was predicated on two fundamental concerns – the needs of the American workforce, and the development of high-performance organizations." 29 C.F.R. § 825.101(b). The Act was intended to benefit both employers and their employees as Congress, in passing the law, recognized the direct correlation between "stability in the family and productivity in the workplace." 29 C.F.R. § 825.101(c).

10. The FMLA allows covered employees to take unpaid medical leave for personal medical reasons; for the birth or adoption of a child; for the care of a service member with a serious injury or illness; for the care of a spouse or a parent who is ill; and for the care of a sick child. *See* 29 C.F.R. § 825.101(a).

## PARTIES

11. Plaintiff is an adult individual who resides in Brevard County, Florida.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

13. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FMLA.

14. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

15. Defendant employs more than fifty (50) employees within 75 miles of its Brevard County, Florida location.

16. Plaintiff is an "employee" as defined by the FMLA.

17. Defendant is an "employer" as defined by the FMLA.

## STATEMENT OF FACTS

18. Plaintiff began her employment with AARONS, on or about July 3, 2017.

19. Plaintiff worked for AARONS as a Customer Account Associate.

20. Plaintiff was an employee in good standing until her employment ended on or around November 2018.

21. Plaintiff was never reprimanded orally or in writing prior to her termination.

22. Plaintiff became pregnant in April 2018.

23. Plaintiff notified Defendant that she was pregnant in 2018.

24. On October of 2018, Plaintiff presented a note from her Doctor to Defendant stating that she needed to take time off due to complications from the pregnancy.

25. Plaintiff took no more than a few days off at a time before returning to work.

26. On November of 2018, due to additional complications, Plaintiff's doctor advised Defendant via note that she needed to be out of work until at least 6 weeks after giving birth to her child.

27. Plaintiff then met with HR Manager, Mike Wilson.

28. Mike Wilson walked Plaintiff through filling out the application for FMLA.

29. Mr. Wilson assured Plaintiff that he had everything he needed to process the application and verbally approved the leave.

30. Subsequently, Plaintiff went to fill her much needed prescription at a pharmacy.

31. Plaintiff was advised that her insurance had been cancelled.

32. Plaintiff immediately reached out to District Manager, Ephraim Powell.

33. Ephraim Powell advised Plaintiff that she had been terminated.

34. Astonishingly, Mr. Powell also advised that he backdated Plaintiff's termination to avoid paying her holiday pay for Thanksgiving holiday.

35. Defendant was aware of Plaintiff's intent to use FMLA.

36. Defendant was aware of Plaintiff's upcoming FMLA need.

## COUNT I
## INTERFERENCE UNDER THE FMLA

37. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 36 above as if fully set forth herein.

38. Before her termination, Plaintiff had informed Defendant that she was pregnant.

39. Defendant was aware that Plaintiff was pregnant before it terminated her.

40. Before her termination, Plaintiff had informed Defendant that she intended on taking FMLA leave.

41. Defendant terminated Plaintiff based on her pregnancy and in anticipation of the fact that Plaintiff would take leave under the FMLA.

42. Defendant was Plaintiff's employer as defined by the FMLA.

43. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

44. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

45. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

46. Defendant's violations of the FMLA were willful.

47. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.  judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.  judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.  declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION UNDER THE FMLA

48.  Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 36 above as if fully set forth herein.

49.  Before her termination, Plaintiff had informed Defendant that she was pregnant.

50.  Defendant was aware that Plaintiff was pregnant before it terminated her.

51.  Before her termination, Plaintiff had informed Defendant that she intended on taking FMLA leave.

52.  Defendant terminated Plaintiff based on her pregnancy and in anticipation of the fact that Plaintiff would take leave under the FMLA.

53.  Defendant was Plaintiff's employer as defined by the FMLA.

54.  Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

55.  Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

56. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

57. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

58. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

59. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

60. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

61. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

62. Defendant's violations of the FMLA were willful.

63. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

  c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

  d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  e. declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

  f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 18th day of August, 2020.

Respectfully submitted,

*s/Bruce A. Mount*
Carlos Leach, Esq.
Fl Bar No. 0540021
Bruce A. Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 213
Winter Park, Florida 32789
Phone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***